UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JUSTIN LEVY,

             Appellant,

       v.

DEPARTMENT OF HOMELAND
   SECURITY,

             Agency.

DOCKET NUMBER
DE-1221-13-0216-W-3

DATE: August 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan E. Wolin, Esquire, Jericho, New York, for the appellant.

Bryan L. Downs, Esquire, and Eric McNeilus, Esquire, Tucson, Arizona,
   for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an individual right of action (IRA) appeal alleging that the agency terminated him during his 1-year probationary period in a Customs and Border Patrol Officer (CBPO) position in retaliation for his disclosure of improper/fraudulent hiring practices. *Levy v. Department of Homeland Security*, MSPB Docket No. DE-1221-13-0216-W-1, Initial Appeal File (IAF), Tab 1. Specifically, he alleged that he informed agency officials that he had accepted a CBPO position in Nogales, Arizona, as his preferred duty station, based on misleading information. He argued that agency employees involved in the hiring process misled him into accepting the position in Nogales by telling him that he could change his preferred duty station to New Jersey and that he would be granted reassignment to the first New Jersey opening. He stated that New Jersey (Newark Airport) had openings for CBPOs during his first year of employment; however, contrary to the information that he received when he changed his preferred duty station to Nogales, he was not permitted to change his preferred duty station and was not reassigned to New Jersey. IAF, Tab 5 at 19-23.

¶3 The administrative judge found that the appellant made a nonfrivolous allegation that he made a protected disclosure and afforded him his requested hearing. IAF, Tab 18. However, based on the record developed by the parties,

including the hearing testimony, the administrative judge found that the appellant failed to prove his nonfrivolous allegation by preponderant evidence. *Levy v. Department of Homeland Security*, MSPB Docket No. DE-1221-13-0216-W-3, Appeal File, Tab 5, Initial Decision (ID).[2] The administrative judge also found that the appellant failed to submit evidence to support any of his assertions. The administrative judge found that the appellant failed to show that any agency employee involved in the process of hiring him for the CBPO position in Nogales told him that he could change his preferred duty location to New Jersey before the end of his 2-year commitment to the position in Nogales. ID at 10. In making this finding, the administrative judge credited the testimony of the Minneapolis Hiring Center employee who the appellant claimed told him he would be able to change his preferred duty station before the end of his 2-year commitment if a position opened up in New Jersey. ID at 10. That employee denied ever discussing switching preferred duty stations with the appellant or making any of the promises that the appellant alleged were made about a change of duty station to New Jersey and a selection for a CBPO position there. ID at 12.

¶4      In his petition for review, the appellant contends that the administrative judge erred in finding that the appellant's testimony was not credible. He also contends that he met his burden to prove a prima facie case and that the agency failed to prove by clear and convincing evidence that it would have terminated him in the absence of his whistleblowing. Petition for Review (PFR) File, Tab 1.

---

[2] The administrative judge dismissed the initially filed appeal without prejudice to allow the parties to engage in discovery, after he found that the appellant had made a nonfrivolous allegation of a protected disclosure. IAF, Tab 18. The administrative judge dismissed the refiled appeal without prejudice to allow the parties to file closing submissions after their review of the hearing transcript. *Levy v. Department of Homeland Security*, MSPB Docket No. DE-1221-13-0216-W-2, Appeal File, Tab 31.

¶5 Under the law in effect at the time of the material events in this appeal, i.e., the Whistleblower Protection Act (WPA),[3] the Board had jurisdiction over an IRA appeal if the appellant exhausted his administrative remedies before the Office of Special Counsel and made nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). After establishing the Board's jurisdiction in an IRA appeal, the appellant then must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). If the appellant makes out a prima facie case, then the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.

¶6 A protected disclosure includes any disclosure of information that the employee reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8) (2011). The test of a reasonable belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced one of the types of wrongdoing listed above. *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

---

[3] All of the relevant events, including the appellant's termination, occurred before the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012. Pub. L. No. 112–199, § 202, 126 Stat. 1465, 1476.

¶7 We agree with the administrative judge that the appellant made a nonfrivolous allegation that he made a protected disclosure by alleging that agency personnel engaged in improper/fraudulent hiring practices. At issue here is whether the administrative judge properly found that the appellant failed to meet his burden to prove by preponderant evidence that he made a protected disclosure.

¶8 The proper test for determining whether an employee had a reasonable belief that his disclosure revealed misconduct described in section 2302(b)(8) is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by him could reasonably conclude that it did. *Reeves v. Department of the Army*, 99 M.S.P.R. 153, ¶ 13 (2005). The appellant testified that he had a conversation with an agency employee from the Minneapolis Hiring Center in April 2011 who told him that if he switched his preferred location to Nogales, he could immediately switch back once a slot in New Jersey opened. March 6, 2014 Hearing Transcript 1 (HT1) at 116. He also testified that this same employee stated that the appellant would have "first dibs" on any New Jersey-based CBPO position that became available per their "verbal contract," and that it overrode any conflicting paperwork. HT1 at 117-20. He testified that this employee repeated these assurances in a later conversation. HT1 at 123-25.

¶9 The Minneapolis Hiring Center employee who had allegedly spoken with the appellant about changing his preferred location also testified. Her testimony is markedly different from the appellant's about the content of their conversations. She testified that, in accordance with Hiring Center policy, she was required to make a notation in the computer system of every communication with an applicant and she found no notation for April 2011 about any conversation with the appellant. March 7, 2014 Hearing Transcript 2 (HT2) at 119-33. She also testified that her computer notes show that she spoke with the appellant three times in September 2011: first, when offering him the position in

Nogales; second, when he accepted the position; and third, to answer his questions about when he would receive an entry-on-duty letter, when his medical fitness-for-duty examination would be scheduled, and how to contact Nogales officials. HT2 at 123. She denied ever discussing with the appellant switching his preferred duty station back to New Jersey or making any of the alleged promises regarding such a change. *Id.*

¶10     The administrative judge found the Hiring Center employee's testimony credible. ID at 12. He found that her testimony was straightforward and was consistent both with her written summary of the contemporaneous notes kept in her computer records and with her limited authority and responsibilities in the hiring process. ID at 12-13. Also, he found that her interaction with applicants who accepted positions was limited to reading scripted remarks when they accepted positions, and her performance was not judged in the number of applicants who accepted positions. ID at 13.

¶11     In contrast, the administrative judge found the appellant's testimony inherently improbable. ID at 13. He found that the appellant gave no convincing explanation why a reasonable person would have believed or relied on the oral promise of a Hiring Center employee without knowing if that person had the authority to assure him of placement in the first available New Jersey CBPO opening. ID at 13. He found further that the alleged oral contract was contrary to several written documents that the appellant received and/or signed: (1) an email informing the appellant that, upon receiving a tentative offer for a specific geographic location, he would be unable to change location; (2) an email apprising him of his tentative selection for Nogales and informing him that this location was final, and if he was no longer interested in this location, he could decline the tentative offer and reapply during the next open period; and (3) a document that he signed informing him that he would be required to remain in Nogales for a period of at least 2 years. ID at 14.

¶12    The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant's argument that the administrative judge erred in crediting the Hiring Center employee's testimony as to what transpired during their conversations, rather than crediting the appellant's testimony, is mere disagreement with the administrative judge's credibility findings and, as such, provides no basis for disturbing the initial decision. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶13    In light of the appellant's failure to prove the factual allegations of the content of his conversations with the Hiring Center employee, we agree with the administrative judge that he failed to meet his burden to prove by preponderant evidence that he made disclosures protected by section 2302(b)(8) when he informed agency officials that he had accepted a CBPO position in Nogales based on misleading information. Having failed to prove that he made a protected disclosure, the appellant consequently failed to establish a prima facie case of retaliation for whistleblowing. Thus, the burden did not shift to the agency to prove by clear and convincing evidence that it would have terminated the appellant in the absence of his whistleblowing. *See Lu*, 122 M.S.P.R. 335, ¶ 7.

¶14    In his petition, the appellant appears to argue that the administrative judge erred in failing to address whether the agency met its evidentiary burden. But, as stated above, because the appellant's alleged disclosure was not protected under the WPA, we do not address these contentions. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 (2014) (declining to address whether the agency met its burden to prove by clear and convincing evidence that it would

have taken the action in the absence of the disclosures when the employee's disclosures were not protected under the WPA).[4]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the

---

[4] In his petition, the appellant asks the Board to consider the undue length of time from the closing of the record to the issuance of the initial decision as prejudice to the appellant. PFR File, Tab 1 at 4. The Board has held that an administrative judge's delay in issuing a ruling, without more, does not constitute reversible error. *See, e.g.*, *Fouquet v. Department of Agriculture*, 82 M.S.P.R. 548, ¶¶ 7–9 (1999) (holding that an appellant was not prejudiced by an administrative judge's 1-year delay in issuing an initial decision when there was no evidence that the administrative judge could not recall details of testimony so as to make accurate credibility determinations). Therefore, we find no prejudice to the appellant stemming from the length of time between the close of the record and the issuance of the initial decision.

Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.